Filed 5/3/16  P. v. Henderson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076321 |
| v. | (Super. Ct. No. CM038723) |
| KENNETH MELVIN HENDERSON, | |
| Defendant and Appellant. | |

Defendant Kenneth Melvin Henderson pleaded guilty to oral copulation with a person incapable of giving legal consent.  The trial court sentenced him to the middle term of six years in prison and imposed various fines and fees, including a $300 restitution fine and a $300 parole revocation fine.  The trial court also ordered defendant to pay victim restitution.

Defendant now contends (1) the trial court abused its discretion by relying on improper aggravating circumstances to impose the middle term at sentencing, and (2) it violated ex post facto principles in imposing the restitution and parole revocation fines.  Recognizing that those contentions may be forfeited because trial counsel failed to object in the trial court, defendant claims in the alternative that the failure to object constituted ineffective assistance of counsel.

1

We conclude defendant's contentions are forfeited because his trial counsel failed to object. We nevertheless reach the merits in addressing defendant's claims of ineffective assistance. We conclude (1) the trial court did not abuse its discretion in relying on the challenged aggravating factors to select the middle term; and (2) defense counsel's failure to object to the restitution and parole revocation fines prejudiced defendant. We agree with defendant and the Attorney General that the restitution and parole revocation fines must be reduced to $240.

We will modify the judgment to reflect a $240 restitution fine and a $240 parole revocation fine, and we will affirm the judgment as modified.

BACKGROUND

Because the matter was resolved by plea, the facts are taken from the probation officer's report. On April 24, 2013, an investigator received a report stating that a 17-year-old individual with disabilities had been sexually assaulted by her grandfather, the defendant in this case. The victim was a special education student at the time, with a full-scale intelligence quotient (IQ) score of 68, which placed her at the second percentile compared with other individuals her age. The assault occurred at defendant's home. During a Child Abuse Response Team (CART) interview on May 2, 2013, the victim said that when she was six or seven years old, nearly every time she visited her grandfather he would pull up her shirt to her shoulders and massage her back. At the time she did not think anything of the behavior. When she was 13 or 14 years old defendant would massage her buttocks by either pulling her clothing up, or removing her clothing to expose her skin.

Several years later, during a seven-month time period when the victim was living with her grandparents, defendant routinely prepared a bath for her and disrobed her. In the tub, he would wash her entire body and shave her pubic area, armpits, and legs. After the bath defendant would often lay her down on her back and place his tongue in and around her vagina. These events took place almost every Saturday while the

2

grandmother was working, either after her bath or when he was "in the mood." Afterward, defendant would instruct the victim to walk around the house wearing only her undergarments.

On another occasion defendant took the victim to a drug store and purchased a massager for her. Upon returning home he instructed her to lie on her back and spread her legs; he inserted the massager all the way into the victim's vagina, persisting even though it was painful and she tried to wriggle away. He removed and reinserted the massager into her vagina approximately five or six times. He also directed the victim to use the massager on herself while he walked back and forth by her door watching her.

Defendant also directed and instructed the victim on how to masturbate him on at least two occasions. Once when the victim was in the bathtub, the defendant masturbated himself and ejaculated in the water and on the victim's chest. Other times the defendant would talk to the victim about the size of his penis and testicles, which caused the victim to fear he was going to rape her.

When defendant was reading the newspaper and found a story about someone being arrested for child molestation, he would show the article to the victim. The victim said this would scare her into not telling anyone. The defendant reportedly told the victim that if she did not like his behavior she should tell him to stop, but she never did because she was scared. After living with the defendant for approximately seven months, the victim moved back home. The victim later reported recurring nightmares of trying to escape from her grandfather's house and said she had started to cut herself at school. She eventually told her teacher about the sexual abuse.

On November 27, 2013, defendant pleaded guilty to oral copulation with a person incapable of giving legal consent. (Pen. Code, § 288a, subd. (g) -- count 1.)[1] The trial

---

[1] Undesignated statutory references are to the Penal Code.

court dismissed the remaining counts with a *Harvey* waiver.[2]  The trial court ordered Don Stembridge, Ph.D., a forensic clinical psychologist, to conduct a sex offender presentence psychological evaluation of defendant pursuant to section 288.1.  At sentencing, the trial court denied probation, sentenced defendant to the middle term of six years in state prison, and ordered defendant to pay various fines and fees, including a $300 restitution fine pursuant to section 1202.4, subdivision (b), and a $300 parole revocation fine pursuant to section 1202.45.  The trial court also ordered defendant to pay victim restitution.

Additional facts are included in the discussion where relevant to appellant's contentions.

DISCUSSION

I

Defendant contends the trial court abused its discretion by relying on improper aggravating circumstances at sentencing to select the middle term of the applicable triad. He argues prejudice resulted because strong mitigating factors would have tipped the balance toward a lesser sentence had the aggravating factors not been improperly considered.  Defendant's challenge to consideration of the aggravating circumstances is forfeited because he failed to object in the trial court.  (*People v. Scott* (1994) 9 Cal.4th 331, 353; *People v. Steele* (2000) 83 Cal.App.4th 212, 226.)

Anticipating that his claims are forfeited, defendant adds that his arguments are cognizable on appeal because his trial counsel was ineffective in failing to object.  To prevail on a claim of ineffective assistance of counsel, defendant must prove (1) that trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) that the deficiency resulted

---

[2]  Referring to *People v. Harvey* (1979) 25 Cal.3d 754, which permits the trial court to consider the facts of the dismissed charge in determining sentencing.

4

in prejudice to defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693].) Defendant must show that there is " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Maury* (2003) 30 Cal.4th 342, 389.)

Defendant has not shown that his trial counsel was deficient in failing to object. Trial counsel need not make meritless or futile objections, and here the trial court did not abuse its discretion in considering the challenged aggravating factors.

A violation of section 288a, subdivision (g) has a sentencing triad of three, six or eight years in state prison. (§ 288a, subd. (g).) The sentencing court must state the reasons for imposing the term selected. (§ 1170, subd. (b).) In exercising its discretion to select one of the three authorized prison terms, a trial court may consider many enumerated circumstances in aggravation or mitigation. (Cal. Rules of Court, rules 4.420(a) and (b), 4.421, 4.423.) Unless the record affirmatively indicates otherwise, the trial court is presumed to have considered all relevant criteria in deciding whether to grant or deny probation or in making any other discretionary sentencing choice. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1313.)

In mitigation, the trial court noted that defendant had no prior record. But the trial court found in aggravation that the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)) and that defendant took advantage of a position of trust or confidence to commit the offense (Cal. Rules of Court, rule 4.421(a)(11)).[3] The trial court imposed the middle term of six years.

Citing California Rules of Court, rule 4.420(d), defendant claims the trial court should not have considered victim vulnerability because the victim's intellectual

---

[3] Although defendant purports to challenge a third aggravating factor, that the victim suffered harm, the trial court made that finding in the context of denying probation, a decision which defendant does not directly challenge on appeal.

5

disability -- which made her incapable of consent -- was an element of the crime. Defendant further argues that he did not take advantage of a position of trust.

A court can determine that a victim was particularly vulnerable in light of the circumstances in which the crime occurred. (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1694.) "Both the personal characteristics of the victim and the setting of the crime may be considered. [Citation.]" (*People v. Price* (1984) 151 Cal.App.3d 803, 814.) As an aggravating factor, victim vulnerability means "defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act." (*People v. Smith* (1979) 94 Cal.App.3d 433, 436.) "The obvious purpose of increasing punishment based on victim vulnerability is to deter criminal conduct that seeks to exploit the particularly vulnerable victim." (*People v. Spencer* (1996) 51 Cal.App.4th 1208, 1223.)

Here, in considering the victim's vulnerability, the trial court referenced her "developmental issues." Her inability to consent was an element of the crime. (§ 288a, subd. (g); CALCRIM No. 1019.) But the record contains ample evidence of the victim's particular vulnerability and the defendant's exploitation of it apart from her developmental issues. The record also contains ample evidence that defendant took advantage of a position of trust.

The victim's parents and grandmother were not present when defendant molested the victim. That a victim is isolated and not subject to help from others shows particular vulnerability. (*People v. Bennett* (1981) 128 Cal.App.3d 354, 358.) And as the trial court noted, defendant began his acts of molestation when the victim was six or seven years old. It can be inferred from the record that defendant used his position of trust to groom the victim for future compliance and silence as he engaged over time in more serious acts of molestation. When defendant would see an article in the newspaper about an arrest for child molestation, he would point it out to the victim. In addition, defendant's exploitation of the victim is also evidenced in her victim impact statement,

in which she said defendant stole her family and made her feel alone, resulting in her feelings of stress and fear and dreams of trying to escape defendant's house.

The record reflects that the trial court considered proper aggravating and mitigating circumstances. In addition, defendant's *Harvey* waiver permitted the court to consider the facts underlying dismissed counts at sentencing. (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.) Although the probation report recommended the upper term of eight years, the trial court selected the middle term of six years in light of the mitigating circumstance that defendant had no prior record. The trial court's exercise of discretion was not arbitrary or capricious and it did not exceed the bounds of reason. Accordingly, trial counsel was not deficient in failing to object.

II

Defendant next contends the trial court violated ex post facto principles in imposing the $300 restitution and parole revocation fines.

All parties were present in court when the defense attorney asked for minimum fines. The trial court said "Okay" and asked, "So the minimum amount would be $300; is that correct?" The probation officer replied, "Minimum would be -- yes, Your Honor." There was no objection or correction from counsel. The trial court imposed a $300 restitution fine and a $300 parole revocation fine.

"It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions." (*People v. Souza* (2012) 54 Cal.4th 90, 143.) Thus, the applicable minimum amount of a restitution fine is calculated as of the date of the offense. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) Here, the minimum statutory restitution fine in effect on the date of the offense in 2012 was $240, not $300. Three hundred dollars was the minimum in effect at the time defendant was sentenced in 2014. The parole revocation fine was statutorily required to be imposed in an amount equal to the restitution fine. (§§ 1202.4, subd. (b)(1), 1202.45, subd. (a).)

7

The Attorney General argues defendant forfeited his ex post facto argument by failing to object in the trial court. We agree. "[A] defendant's failure to object in the trial court to the imposition of a restitution fine constitutes a waiver of the right to complain thereof on appeal." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1469.) The forfeiture rule applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices." (*People v. Scott,* supra, 9 Cal.4th at p. 353.) By failing to object to imposition of the restitution fine, defendant forfeited his right to object and cannot raise the ex post facto claim. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189.)

Defendant nonetheless contends that if his ex post facto claim is forfeited, he was denied effective assistance of counsel based on the failure to object to the $300 fines. The Attorney General agrees with this argument and so do we.

We have already described the elements necessary for a claim of ineffective assistance of counsel. Here, the $300 fines were within the authorized range, but the trial court made statements indicating that it intended to impose the statutory minimum fines. Defense counsel should have recognized the trial court's mistake regarding the applicable minimum fines and informed the trial court during sentencing. We can find no tactical explanation for defense counsel's failure to advise the trial court that the applicable minimum fines were $240 rather than $300. Counsel's failure to raise a meritorious objection as a result of a misunderstanding of the controlling law, rather than because of an informed tactical determination, constitutes deficient performance. (*In re Wilson* (1992) 3 Cal.4th 945, 955-956.)

Defense counsel's deficient representation prejudiced defendant because there is a reasonable probability that, but for counsel's failure to object, the trial court would have imposed fines in the amount of $240 rather than $300. Accordingly, we will reduce the fines to $240.

8

## DISPOSITION

The judgment is modified to reduce the restitution fine from $300 to $240, and to reduce the parole revocation fine from $300 to $240. The judgment is affirmed as modified. The trial court is directed to amend the abstract of judgment to reflect the judgment as modified, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

Pursuant to Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon finality of this appeal.[4] Further, pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk of this court shall notify defendant's trial counsel that the matter has been referred to the State Bar.

                                                                       /S/

                                                                    Mauro, J.

We concur:

    /S/

Robie, Acting P. J.

    /S/

Duarte, J.

---

[4] Business and Professions Code section 6086.7, subdivision (a)(2) requires the court to notify the State Bar "[w]henever a modification or reversal of a judgment in a judicial proceeding is based in whole or in part on the misconduct, incompetent representation, or willful misrepresentation of an attorney."