Filed 9/1/21  P. v. Myers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE MYERS,<br><br>Defendant and Appellant. | C091811<br><br>(Super. Ct. No. 19CF03521) |

Defendant David Lee Myers pleaded guilty to committing a lewd act upon a child and the trial court sentenced him to the midterm of six years in prison.  Defendant now contends the trial court improperly relied on two aggravating factors in sentencing him.  Because defendant has not established prejudicial error, we will affirm the judgment.

BACKGROUND

The stipulated factual basis for defendant's plea is taken from the probation report.  In June 2019, K.L.'s family hosted a birthday party for K.L.'s father.  K.L. was seven years old at the time.  Her parents' friend brought defendant, a 39-year-old man, to the party.  K.L.'s father had met defendant previously, but he did not know defendant's name.  At the party, defendant drank alcohol and became heavily intoxicated.  He eventually fell asleep on the living room couch, where K.L.'s parents let him stay the night so he would not be arrested for an alcohol-related offense.

1

In the middle of the night, defendant went into K.L.'s bedroom and tapped her to wake her up. He repeatedly told her "I love you" and touched her vaginal area and buttocks over her clothes. Defendant also inserted a portion of his thumb into her vagina, from outside of her clothing, pushing the clothing into her vagina a few times. He then began to pull her pajama bottoms and underwear down, but K.L. pulled them up and ran out of the bedroom and into the living room, where she tried to go to sleep on the loveseat. Defendant followed her and tried to lie down next to her. K.L. then moved to a small recliner and turned on the television. Defendant laid down on the floor and fell asleep.

K.L.'s mother heard K.L. talking and woke up. She went to K.L.'s bedroom, where K.L. told her that defendant touched her "no-no zone." K.L.'s parents confronted defendant, who was still lying on the floor, and demanded that he leave. They then contacted the police, who arrested defendant at his residence.

When the police interviewed defendant, he first denied touching K.L. inappropriately. He claimed that he found K.L. crying in the hallway for her parents. He said he took her back to bed, where he touched her back and face to comfort her in a fatherly way. Defendant then stated it was possible he had touched K.L.'s vagina and buttocks on the outside of her clothing when he tucked her in, but he did not mean to make her uncomfortable or hurt her. He denied telling her that he loved her and said that if she felt he was "too 'handsy' " he would like to apologize.

Defendant eventually pleaded guilty to one count of a lewd act upon a child. (Pen. Code, § 288, subd. (a).)[1] In exchange, the People dismissed two additional counts with a *Harvey* waiver.[2] At the first sentencing hearing, the prosecution asked that

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

defendant be placed on probation, but the trial court stated its intent to deny probation and impose the midterm of six years. Consistent with defendant's request, however, the trial court postponed sentencing and placed defendant in temporary prison custody for a section 1203.03 diagnostic report.

At a second sentencing hearing, the trial court said it had read and considered the original probation report, two supplemental probation reports, the section 288.1 diagnostic evaluation report, and the section 1203.03 prison diagnostic report, as well as letters from K.L., K.L.'s family members, and letters from defendant and defendant's former attorney from another case. The trial court again stated its intent to impose the midterm of six years and then heard argument from counsel. Defense counsel urged the trial court to reconsider incarcerating defendant due to defendant's low risk, no evidence of pedophilia interests, and his expressions of remorse and empathy. The People argued the trial court should impose the upper term,[3] arguing defendant took advantage of K.L.'s parents' trust and K.L.'s vulnerability as a seven-year-old child asleep in her own bedroom. They stated that for a very long time, K.L. was afraid to sleep in her own room, and further noted that defendant's statements have evolved and continue to minimize the incident. In response, defense counsel argued defendant's evolving position shows he is capable of rehabilitation through probation.

The trial court denied probation for the following reasons: the nature, the seriousness, and the circumstances of the crime were egregious as compared to other instances of the same crime, the victim was particularly vulnerable, defendant has inflicted both physical and emotional injury on the victim, defendant was an active

---

[3] The prosecutor asked the trial court to "follow the recommendation of Probation and sentence the defendant to the upper term in state prison." The prosecutor later reiterated at sentencing that "the People's position is that the upper term is appropriate." However, probation had recommended the midterm, not the upper term. In their responsive brief, the People suggest the prosecutor misspoke and intended to advocate for the midterm.

3

participant in the offense, and the crime was not committed because of an unusual circumstance that is unlikely to recur. Noting it had independently reviewed the circumstances in aggravation and mitigation, the trial court said it was in agreement with Probation and found that the circumstances in aggravation did not outweigh the circumstances in mitigation. In aggravation, the trial court found the victim was particularly vulnerable and that defendant took advantage of a position of trust or confidence. In mitigation, it found defendant had an insignificant prior record of criminal conduct and his prior performance on probation had been satisfactory. The trial court sentenced defendant to the midterm of six years.

## DISCUSSION

Defendant contends the trial court abused its discretion by improperly relying on two aggravating circumstances at sentencing to select the middle term of the applicable triad, section 288, subdivision (a). He argues remand is required because without those aggravating factors, it is reasonably probable the trial court would have imposed a lesser sentence.

Defendant's challenge is forfeited because he did not object in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) But because defendant also claims ineffective assistance of counsel, we will address the merits of his contention. (See, e.g., *In re Victor L.* (2010) 182 Cal.App.4th 902, 928; *People v. Smith* (2003) 31 Cal.4th 1207, 1214-1215.)

A violation of section 288, subdivision (a) has a sentencing triad of three, six or eight years in state prison. (§ 288, subd. (a).) The sentencing court must state the reasons for imposing the term selected. (§ 1170, subd. (b).) In exercising its discretion to select one of the three authorized prison terms, a trial court may consider enumerated circumstances in aggravation or mitigation. (Cal. Rules of Court, rules 4.420(a) & (b), 4.421, 4.423.) Unless the record affirmatively indicates otherwise, the trial court is presumed to have considered all relevant criteria in making any discretionary sentencing

4

choice. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1313, overruled on other grounds in *People v. Cook* (2015) 60 Cal.4th 922, 937.)

The trial court's finding of circumstances in aggravation is reviewed for substantial evidence. (*People v. Gragg* (1989) 216 Cal.App.3d 32, 46.) We view the evidence in the light most favorable to the judgment and presume in favor of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. (*People v. Carpenter* (1997) 15 Cal.4th 312, 387.)

A

Defendant argues substantial evidence does not support the trial court's finding that the victim's vulnerability constituted an aggravating circumstance. Specifically, he argues the trial court could not rely on K.L.'s age to determine her vulnerability, and that the record otherwise reflects no evidence that she was particularly vulnerable. We are not persuaded.

As an aggravating factor, victim vulnerability means "defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act." (*People v. Smith* (1979) 94 Cal.App.3d 433, 436.) It is improper to aggravate a sentence due to "particular vulnerability" where vulnerability is based solely on age and age is an element of the offense; rather, a victim's "particular vulnerability" may be determined in light of the "total milieu in which the commission of the crime occurred . . . ." (*People v. Price* (1984) 151 Cal.App.3d 803, 814.) "[A] victim's extremely young age together with other circumstances like the time and location of the offense can establish 'particular vulnerability' as an aggravating factor." (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1694, overruled on other grounds in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123.)

Here, K.L. was only seven years old, which is seven years younger than the age required by section 288, subdivision (a). (See *People v. O'Connor* (1992) 8 Cal.App.4th 941, 952, fn. 7 [particular vulnerability circumstance present when victim was 11 years

5

old, not merely under 14 years of age as required by section 288].)  Further, she was alone in her room, asleep in bed, with her parents asleep in their bedroom, when defendant molested her.  This constitutes substantial evidence to support the trial court's finding that the victim was vulnerable.  Thus, the trial court did not abuse its discretion when it relied on victim vulnerability as an aggravating circumstance.

B

Defendant also challenges the aggravating factor that defendant took advantage of a position of trust or confidence.

It is proper for the trial court to apply the position-of-trust circumstance to aggravate a sentence when a defendant exploits the trust or confidence he has cultivated in the victim in order to inflict harm.  (*People v. Dancer, supra,* 45 Cal.App.4th 1677, 1695.)  This aggravating factor focuses on the defendant's special status vis-à-vis the victim.  (*Id.* at p. 1694.)  Although it is certainly arguable that defendant did not have such a special status with the victim, even if the trial court erred in finding that defendant abused a position of trust or confidence, the record nevertheless indicates it is not reasonably probable the trial court would have sentenced appellant differently absent that factor.

Where a trial court relies on an improper factor in aggravation at sentencing, remand would be required if it is reasonably probable that a result more favorable to the appealing party would have been reached absent the error.  (*People v. Avalos* (1984) 37 Cal.3d 216, 233, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.)

At sentencing, the trial court described the crime as "egregious."  It properly relied on the victim's vulnerability as an aggravating factor.  (See *People v. Black* (2007) 41 Cal.4th 799, 813 [an upper term sentence may properly be imposed where even a single aggravating factor is present].)  But it nevertheless imposed the middle term rather than the upper term.  And although the trial court relied on the probation report's recommendation in imposing the middle term, which referenced the position-of-trust

6

factor, the trial court also considered additional reports and letters, including two supplemental probation reports, the section 288.1 diagnostic evaluation report, the section 1203.03 prison diagnostic report, and letters from the victim, victim's family, defendant and defendant's former attorney.  Based on the trial court's consideration of these materials, as well as the facts of the crime itself, we conclude it is not reasonably probable that a more favorable sentence would have been imposed.

DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, J.

We concur:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
HOCH, J.

7