Opinion
 

 THE COURT.
 
 *
 

 Michael S. Smith appeals his conviction of two counts of robbery (Pen. Code, § 211), one of which carried the allegation he used a knife (Pen. Code, § 12022, subd. (b)). Smith pleaded guilty and urges sentencing error on appeal.
 

 
 *435
 
 The court imposed the aggravated term of four years for robbeiy, enhanced it by one year for use of a knife and ordered a concurrent sentence on the other robbery conviction. In choosing the aggravated term, the court cited the circumstances that there were multiple victims, the victims were particularly vulnerable and there was a threat of great bodily harm to the victims.
 

 Smith contends the term “particularly vulnerable” appearing in California Rules of Court, rule 421 (a)(3) is vague and the finding of particular vulnerability in this case is unjustified.
 

 Smith and Dale Booth, both members of the Marine Corps and absent without official leave from duty, having suffered a mechanical failure in the car they were riding to freedom, were seeking ways of obtaining money to get the car rolling again. They joined with Kerry Buschmann and decided to “roll” someone. They selected an elderly man at a fast-food establishment in Pacific Beach. When they failed in an attempt to have the elderly man invite them to his apartment, they followed him to his apartment house. Smith and Booth decided to break into the old man’s apartment. Buschmann demurred.
 

 Smith and Booth broke into an apartment. It apparently was not the old man’s because the burglars found two women asleep in a bedroom. Smith and Booth climbed on the bed atop the women. Booth brandished a knife, cutting the hand of one victim. Smith and Booth demanded all their money. One victim gave them $18 from both victims’ purses.
 

 Having procured some money, Smith and Booth decided to have some fun. They sexually harrassed and abused the two victims and a third woman resident of the apartment who arrived on the scene later. This went on for some four hours. Smith used a knife in the course of the robberies and assaults. We need not further detail the events of the evening, since only the issue of vulnerability is raised.
 

 Smith professes great difficulty in discerning what the term “particularly vulnerable” means. His and Booth’s involvement with the victims in this case provides an excellent illustration of the term. Having demonstrated their proclivity for victimizing the susceptible when they first determined to roll an old man, then to burgle him these two armed marines climbed on top of two sleeping women in the middle of the night without any warning. Smith and his confederate exploited the very vulnerability Smith finds difficult to discern.
 

 
 *436
 
 We find no vagueness in the term “particularly vulnerable” and no difficulty in applying it here. Particularly, as used here, means in a special or unusual degree, to an extent greater than in other cases. Vulnerability means defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant’s criminal act. An attack upon a vulnerable victim takes something less than intestinal fortitude. In the jargon of football players, it is a cheap shot.
 

 The victims in this case were particularly vulnerable. Smith admitted he, at one point, increased their vulnerability by making them take off their underpants so they would not run out of the apartment.
 

 Judgment affirmed.
 

 A petition for a rehearing was denied July 10, 1979, and appellant’s petition for a hearing by the Supreme Court was denied August 22, 1979.
 

 *
 

 Before Brown (Gerald), P. J., Cologne, J., and Staniforth, J.