NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID RYAN UNRUH,

              Petitioner - Appellant,

      v.

RICK HALL, Acting Warden,

              Respondent - Appellee.

No. 10-56845

D.C. No. 2:08-cv-00974-GW-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted January 6, 2014
Pasadena, California

Before:    **KOZINSKI,** Chief Judge, **REINHARDT** and **CLIFTON**, Circuit
           Judges.

      There's no dispute that Unruh suffered a constitutional violation when he

was given an enhanced sentence based on aggravating facts found by a judge, not a

jury.  See generally Cunningham v. California, 549 U.S. 270 (2007).  Our only

task, therefore, is to determine whether this constitutional error was harmless,

---

      [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

applying the standard set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). See Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008).

We are in grave doubt that the jury would necessarily have found that Unruh's crime "disclos[ed] a high degree of cruelty, viciousness, or callousness." Cal. R. Ct. 4.421(a)(1); see also O'Neal v. McAninch, 513 U.S. 432, 436 (1995). Given that it could not consider facts that are elements of the crime of child endangerment, see Cal. R. Ct. 4.420(d), nor Unruh's use of a firearm, see Cal. Penal Code § 1170(b), a jury could reasonably conclude that Unruh's conduct wasn't especially vicious or callous. Unruh is a Marine Corps veteran whose crime resulted from a short-lived emotional outburst, and there is no evidence that he planned or desired to harm the victim, T., prior to the altercation. The entire event lasted only a few minutes, T. suffered no physical harm and Unruh expressed remorse immediately after. Given these facts, a jury could find that Unruh's conduct was a momentary (albeit dangerous) act of desperation, not the result of a cruel, vicious or callous disposition. See, e.g., People v. Esquibel, 166 Cal. App. 4th 539, 558 (2008).

A jury could also reasonably find that Unruh doesn't pose a "serious danger to society." Cal. R. Ct. 4.421(b)(1). His violent outburst momentarily put two

people in great danger, but he had no other criminal history and Sterling testified that he'd never before been violent towards her or T.

Nor was T. necessarily a "particularly vulnerable" victim. Cal. R. Ct. 4.421(a)(3). While T. was a minor, this characteristic is inherent in the crime of willful child endangerment. See Cal. Penal Code § 273a(a). That he was attacked in his home may be, but is not necessarily, a factor that makes a victim particularly vulnerable. Given all the circumstances in this case, we "cannot say, with fair assurance, after pondering all that happened," see Merolillo v. Yates, 663 F.3d 444, 454 (9th Cir. 2011), that the jury would have found beyond a reasonable doubt that T. was vulnerable to a "special or unusual degree, to an extent greater than in other cases." People v. Loudermilk, 195 Cal. App. 3d 996, 1007 (1987) (quoting People v. Smith, 94 Cal. App. 3d 433, 436 (1979)); see also Butler, 528 F.3d at 649.

We therefore have grave doubt that a jury would have found any of these aggravating factors beyond a reasonable doubt and cannot say that the constitutional error in Unruh's sentencing was harmless. See O'Neal v. McAninch, 513 U.S. 432, 436 (1995); see also Butler, 528 F.3d at 648.

We **REVERSE** the district court's judgment, **GRANT** Unruh's petition for a writ of habeas corpus and **REMAND** for proceedings consistent with this disposition.

*Unruh v. Hall*, No. 10-56845

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent from the majority's disposition of this case, because I agree with the district court that the constitutional violation that occurred was harmless under the standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

In my view, Unruh has failed to establish that a jury would not have found, beyond a reasonable doubt, that Unruh's acts of violence, in particular his treatment of T., a 13-year-old boy, involved a high degree of viciousness and callousness. Unruh shot T.'s mother in the face. After T. discovered his mother bleeding and lying on the floor, Unruh grabbed a larger gun and held it to T's head, holding T. hostage for two minutes and causing him to believe he was going to die.

I am not in grave doubt as to what conclusion the jury would have reached. It seems to me more likely than not that a jury would have found, as did the trial court, that this sequence of events revealed a high degree of viciousness and callousness. The key facts that made Unruh's crime a highly vicious and callous one were beyond those necessary to establish the essential elements of the counts of violence against T. or of the associated use of a firearm enhancement imposed on each count. *See* Cal. Penal Code § 1170(b) (2005); Cal. R. Ct. 4.420(d) (2005).

Having concluded that one of the aggravating circumstances, the high degree of viciousness and callousness involved, would have been found by a jury, it is

unnecessary to consider the other potential aggravating circumstances. The upper term sentence may be validly imposed based on a single aggravating circumstance. *See Butler v. Curry*, 528 F.3d 624, 642–43 (9th Cir. 2008). As a result, the constitutional violation in this case was harmless. I would affirm.