MEMORANDUM *
There’s no dispute that Unruh suffered a constitutional violation when he was giv *658 en an enhanced sentence based on aggravating facts found by a judge, not a jury. See generally Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). Our only task, therefore, is to determine whether this constitutional error was harmless, applying the standard set forth in Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). See Butler v. Curry, 528 F.3d 624, 648 (9th Cir.2008).
We are in grave doubt that the jury would necessarily have found that Unruh’s crime “disclos[ed] a high degree of cruelty, viciousness, or callousness.” Cal. R. Ct. 4.421(a)(1); see also O’Neal v. McAninch, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). Given that it could not consider facts that are elements of the crime of child endangerment, see Cal. R. Ct. 4.420(d), nor Unruh’s use of a firearm, see Cal.Penal Code § 1170(b), a jury could reasonably conclude that Unruh’s conduct wasn’t especially vicious or callous. Unruh is a Marine Corps veteran whose crime resulted from a short-lived emotional outburst, and there is no evidence that he planned or desired to harm the victim, T., prior to the altercation. The entire event lasted only a few minutes, T. suffered no physical harm and Unruh expressed remorse immediately after. Given these facts, a jury could find that Unruh’s conduct was a momentary (albeit dangerous) act of desperation, not the result of a cruel, vicious or callous disposition. See, e.g., People v. Esquibel, 166 Cal.App.4th 539, 558, 82 Cal.Rptr.3d 803 (2008).
A jury could also reasonably find that Unruh doesn’t pose a “serious danger to society.” Cal. R. Ct. 4.421(b)(1). His violent outburst momentarily put two people in great danger, but he had no other criminal history and Sterling testified that he’d never before been violent towards her or T.
Nor was T. necessarily a “particularly vulnerable” victim. Cal. R. Ct. 4.421(a)(3). While T. was a minor, this characteristic is inherent in the crime of willful child endangerment. See Cal.Penal Code § 273a(a). That he was attacked in his home may be, but is not necessarily, a factor that makes a victim particularly vulnerable. Given all the circumstances in this case, we “cannot say, with fair assurance, after pondering all that happened,” see Merolillo v. Yates, 663 F.3d 444, 454 (9th Cir.2011), that the jury would have found beyond a reasonable doubt that T. was vulnerable to a “special or unusual degree, to an extent greater than in other cases.” People v. Loudermilk, 195 Cal.App.3d 996, 1007, 241 Cal.Rptr. 208 (1987) (quoting People v. Smith, 94 Cal.App.3d 433, 436, 156 Cal.Rptr. 502 (1979)); see also Butler, 528 F.3d at 649.
We therefore have grave doubt that a jury would have found any of these aggravating factors beyond a reasonable doubt and cannot say that the constitutional error in Unruh’s sentencing was harmless. See O’Neal v. McAninch, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995); see also Butler, 528 F.3d at 648.
We REVERSE the district court’s judgment, GRANT Unruh’s petition for a writ of habeas corpus and REMAND for proceedings consistent with this disposition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.