Filed 9/29/16  P. v. Duff CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JASON LEE DUFF,<br><br>Defendant and Appellant. | C080617<br><br>(Super. Ct. No. 14F6671) |

Defendant Jason Lee Duff pleaded guilty to voluntary manslaughter.  (Pen. Code, § 192, subd. (a).)[1]  The trial court sentenced him to the upper term of 11 years in state prison and imposed various fines and fees.

Defendant now contends the trial court abused its discretion in imposing the upper term by relying on improper aggravating factors and ignoring mitigating factors. Anticipating the possibility of forfeiture because trial counsel failed to object to the sentence in the trial court, defendant alternatively claims the failure to object constituted ineffective assistance of counsel.

---

[1] Undesignated statutory references are to the Penal Code.

1

We conclude defendant's challenge to the sentence is forfeited and he has not established ineffective assistance. We will affirm the judgment.

BACKGROUND

The facts are taken from the preliminary hearing, which formed the factual basis for defendant's plea. Meghan Eades and defendant were hosting a party in their home on October 24, 2014. Cody Radford was drinking heavily at the party and was so drunk he had a hard time standing. Meghan told Cody to leave the party because he was causing disturbances. Party attendee Zack Lacy subsequently found Cody on the ground in the driveway and got him to stand up. Cody started walking back toward the house but Meghan yelled at him and shoved him, causing Cody to fall to the ground.

Defendant suddenly put Cody in some type of chokehold and repeatedly punched him in the head. Cody was too intoxicated to fight back. Meghan screamed for defendant to stop when it became clear that Cody was unconscious. Zack grabbed defendant and told him to stop, but defendant kicked Cody in the head. Zack told defendant to leave and defendant walked away.

Zack was training to be an emergency medical technician and began tending to Cody. He saw that Cody's eyes were starting to swell and he was blowing blood bubbles from his mouth. Zack stayed with Cody until the ambulance arrived, but Cody died at the hospital. He had a bruised forehead, swollen nose, blood leaking from his ears, blackened eyes, a puncture wound on his knee, and a shoe imprint on his torso. A doctor determined that Cody died from brain swelling caused by blunt force trauma to the head.

The People charged defendant with murder (§ 187, subd. (a)) but subsequently amended the information to include voluntary manslaughter (§ 192, subd. (a)). Defendant pleaded guilty to voluntary manslaughter and the trial court dismissed the remaining count on the People's motion.

At sentencing, the trial court considered various aggravating and mitigating factors. In mitigation, the trial court found defendant to be "a person of some industry"

2

who "certainly could have a job" and found defendant expressed remorse for his crime. In addition, the trial court found defendant's criminal history was minimal and largely the result of an alcohol addiction, but concluded that was neither an aggravating nor a mitigating factor.

On the other hand, the trial court said the "absolute brutality" of the attack could only be described as "disgusting." It said the beating was savage and noted that Meghan described a couple of the hits as "swinging [for] the bleachers." There was evidence the victim was not defending himself but defendant continued to hit the victim after he passed out. The trial court said it was "hard to imagine why anybody would do that" when there was "no provocation." The trial court added that the decision to "viciously attack a human being in that manner" was not justified in any way "and approaches what I believe to be implied malice."

The trial court also considered defendant's behavior after the beating. Relying on information from the police report, the trial court said defendant asked someone if they were "going to be a rat," left the scene and asked someone to get rid of his bloody clothes. According to the trial court, defendant later claimed to have no memory of the attack because he was drunk.

In addition, the trial court said the victim was particularly vulnerable, defendant was on parole at the time of the attack, and his prior performance on probation was unsatisfactory. Concluding the aggravating factors outweighed those in mitigation, the trial court sentenced defendant to the upper term of 11 years in state prison, awarded 418 days of presentence credit, and imposed various fines and fees.

## DISCUSSION

Defendant contends the trial court abused its discretion in imposing the upper term by relying on improper aggravating factors and ignoring mitigating factors. His challenge is forfeited because he failed to object to the sentence in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353; *People v. Steele* (2000) 83 Cal.App.4th 212,

226.)  Anticipating our conclusion, defendant alternatively claims the failure to object constituted ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) that the deficiency resulted in prejudice to defendant.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693].)  To establish prejudice, defendant must show that there is " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "  (*People v. Maury* (2003) 30 Cal.4th 342, 389.)

Defendant has not shown that his trial counsel was deficient in failing to object. Trial counsel need not make meritless or fruitless objections, and here the trial court did not abuse its discretion in sentencing defendant.

A violation of section 192, subdivision (a) has a sentencing triad of 3, 6, or 11 years.  (§ 193.)  The sentencing court must state the reasons for imposing the term selected.  (§ 1170, subd. (b).)  In exercising its discretion to select one of the three authorized prison terms, a trial court may consider many enumerated circumstances in aggravation or mitigation.  (Cal. Rules of Court, rules 4.420(a) & (b), 4.421, 4.423.)[2] Unless the record affirmatively indicates otherwise, the trial court is presumed to have considered all relevant criteria in deciding whether to grant or deny probation or in making any other discretionary sentencing choices.  (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1313, disapproved on other grounds in *People v. Cook* (2015) 60 Cal.4th 922, 939.)

In mitigation, the trial court noted defendant to be a person of some industry who "could have a job" and acknowledged defendant's remorse.  But the trial court found in

---

[2]  Undesignated rule references are to the California Rules of Court.

aggravation that defendant was on parole at the time of the offense, his prior performance on probation was unsatisfactory, and he attempted to "divorce [himself] from the responsibility of the crime." (See rules 4.421(b)(4), (5), 4.408(a) [any fact "reasonably related to the decision being made"].) The trial court also found the "absolute brutality" of defendant's crime was "disgusting" and that the victim was particularly vulnerable. (See rule 4.421(a)(1), (3).)

Citing rule 4.421(a)(1), defendant claims the trial court should not have considered the viciousness of the beating because defendant did not use any weapons. Citing rule 4.421(a)(3), defendant further argues the trial court should not have considered victim vulnerability because, according to his own testimony, defendant did not perceive the victim to be vulnerable.

Defendant cites no authority to support his claim that because defendant beat his victim to death with his hands instead of using weapons, the crime did not involve " 'great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness.' " We decline to adopt such a rule.

Defendant also cites no authority to support his argument that his personal perception of the victim is dispositive in determining victim vulnerability as an aggravating factor. Indeed, a court can determine victim vulnerability in light of the circumstances in which the crime occurred. (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1694, overruled on other grounds in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123.) "Both the personal characteristics of the victim and the setting of the crime may be considered. [Citation.]" (*People v. Price* (1984) 151 Cal.App.3d 803, 814.) As an aggravating factor, victim vulnerability means "defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act." (*People v. Smith* (1979) 94 Cal.App.3d 433, 436.) "The obvious purpose of increasing punishment based on victim vulnerability is to deter criminal conduct that seeks to exploit the particularly vulnerable victim." (*People v. Spencer* (1996) 51 Cal.App.4th 1208, 1223.)

Here, in considering the victim's vulnerability, the trial court described the victim's inability to stand up, much less defend himself, and noted that the victim never struck a single blow. The trial court also noted defendant continued to beat the victim after the victim was unconscious. The record provides ample evidence to support the trial court's finding that the victim was defenseless, unguarded and assailable.

The trial court considered proper aggravating and mitigating circumstances, and its exercise of discretion was not arbitrary or capricious and did not exceed the bounds of reason. Trial counsel was not deficient in failing to object and defendant has not established ineffective assistance.

DISPOSITION

The judgment is affirmed.


                                              /S/
                                       MAURO, J.


We concur:


/S/
BUTZ, Acting P. J.


/S/
MURRAY, J.