Filed 1/22/24  P. v. Bailey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN BAILEY,<br><br>      Defendant and Appellant. | C097392<br><br>(Super. Ct. No. 15F03495) |

Defendant Kevin Bailey appeals from his resentencing following our remand on his prior appeal from the judgment.  He contends the trial court abused its discretion in resentencing him by improperly considering one aggravating circumstance, finding the existence of other aggravating circumstances that were not supported by the record, and failing to allow certain evidence in mitigation.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

"The six-year-old victim reported that defendant . . . , her mother's boyfriend, touched her inappropriately."  (*People v. Bailey* (Apr. 22, 2022, C087972) [nonpub. opn.]

1

(*Bailey*).)**1** After the jury in defendant's first trial acquitted him on one count and hung on two more, a "second information . . . charged defendant in count one with violation of [Penal Code] section 288, subdivision (b)(1),**[2]** lewd and lascivious act, 'fingers to vagina in living room,' on a child under the age of 14 by use of force, violence, duress, menace, and threat of great bodily harm.  Count two charged defendant with violation of section 288, subdivision (b)(1), lewd and lascivious act, 'grabbed her hand and made her rub his penis,' on a child under the age of 14 by use of force, violence, duress, menace, and threat of great bodily harm." (*Ibid*.)  A jury found defendant guilty on both counts, and the trial court sentenced defendant to an aggregate term of 20 years in prison, consisting of the upper term of 10 years on each count.  (*Ibid*.)  On defendant's prior appeal, we vacated his sentence and remanded for resentencing in compliance with section 1170 as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731).  (*Bailey*, *supra*, C087972.)

At resentencing, the trial court noted defendant was 37 years old at the time of sentencing, and the victim was six years old at the time of the offense.  The court further noted defendant had no prior criminal history, he had support from his family, and he was engaged in educational opportunities in prison.

The court found the existence of several aggravating circumstances.  According to the court, the crimes "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness." (Cal. Rules of Court, rule 4.421(a)(1).)**3**  The court observed there were times the victim "had

---

**1**     We granted defendant's motion to incorporate by reference his prior appeal in case No. C087972.

**2**     Undesignated statutory references are to the Penal Code.

**3**     Further citation to rules are to the California Rules of Court.

2

tried to get away and she was pulled back. She tried to yell. When she refused, he covered her mouth when she tried to yell for help. [¶] On the occasion when he forcibly moved her hand up and down his penis in her room until he ejaculated and as a young girl she described as water coming out, he then made [her] clean up the ejaculate off her bed and stuffed animals. So I find those facts qualify under disclosing a high degree of cruelty, viciousness, or callousness."

The court found the victim was particularly vulnerable (rule 4.421(a)(3)), stating: "These offenses occurred in the safety of her home. She was six, which is in the lower range of that age. I think a six-year-old maturity-wise mentally, emotionally is more vulnerable than a 13-year-old. That also fits under this offense." The court also relied on the disparity in physical size between the victim and defendant.

The court found the manner in which the crimes were carried out "indicates planning, sophistication, or professionalism." (Rule 4.421(a)(8).) Although the court characterized defense counsel's argument that the offenses "appeared clumsy or opportunistic" as "well taken," it found "there [was] also evidence that was shown where it did involve planning where he took opportunity to be alone with her or when they were alone in the home. So they were not spur of the moment."

The court found that defendant took advantage of a position of trust or confidence to commit the offense. (Rule 4.421(a)(11).) "He was the victim's mother's boyfriend. And he did fun activities with her like taking her to ballet and so forth, gaining her trust."

Additionally, the court found the nature of the touching in this case—fingers to the victim's vagina and grabbing her hand to rub his penis—were "more serious than mere touching or fondling of a body part that is often the basis of these charges."

Lastly, the court stated: "Defendant has, to this day, not taken any responsibility or shown remorse even after the jury verdict beyond a reasonable doubt based on a very compelling interview the victim gave supported by DNA evidence. [¶] And the reason that is so important is that it shows the Court a lack of rehabilitation, lack of progress,

3

lack of recognition of what -- he is not accepting responsibility. So it tells this Court that he still poses a danger to society."

The court sentenced defendant to the middle term of eight years on each count for an aggregate prison term of 16 years.

## DISCUSSION

Defendant asserts the trial court abused its discretion in relying on inappropriate and unproven aggravating circumstances, and by failing to admit evidence in mitigation. The People contend defendant forfeited his contentions. We conclude defendant's claims are not forfeited. We further conclude that, while the trial court properly relied on four aggravating circumstances and did not err in refusing to admit mitigating evidence at resentencing, under the circumstances of this case, it erred in relying on defendant's lack of remorse as an aggravating circumstance. However, we conclude defendant was not prejudiced as a result.

### I

### *Forfeiture*

The People's forfeiture argument arises from their misunderstanding or mischaracterization of defendant's contentions on appeal. Defendant does not argue the trial court had to satisfy standards applicable for the lawful imposition of upper term sentences. Therefore, the failure to raise that argument in the trial court is irrelevant. For the most part, defendant's arguments were not forfeited because defense counsel at resentencing brought the alleged defects in the court's potential reliance on aggravating circumstances to the court's attention. (See *People v. Scott* (1994) 9 Cal.4th 331, 353 [defects in court's statement of reasons are easily prevented and corrected if called to court's attention].) Under these circumstances, and given defendant's ineffective assistance of counsel claim, we address the merits of defendant's contentions.

4

II

*Sentencing Guidelines and Standard of Review*

"In selecting between the middle and lower terms of imprisonment, the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision.  The court may consider factors in aggravation and mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial.  The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing."  (Rule 4.420(d).)  Imposition of the low or middle term is within the sentencing court's "sound discretion."  (§ 1170, subd. (b)(1).)  "Relevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered unless the record affirmatively reflects otherwise."  (Rule 4.409.)

"Sentencing decisions are reviewed for abuse of discretion.  [Citations.]  Under this standard, a trial court's exercise of discretion will not be disturbed unless the trial court exercised it in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice."  (*People v. Gibson* (2016) 2 Cal.App.5th 315, 325.)

III

*Aggravating Circumstances*

A.  Lack of Remorse

Relying primarily on *People v. Key* (1984) 153 Cal.App.3d 888, defendant asserts his lack of remorse is not a reason to aggravate his sentence because he denies committing the crimes.  In *Key*, the court stated:  "Where a defendant acknowledges guilt, but shows no remorse, he may be expected to repeat the criminal conduct under similar circumstances.  [Citation.]  In such a case, lack of remorse may be applied to aggravate as an additional relevant factor . . . .  However, here the evidence of

5

nonconsensual intercourse consists primarily of the sharply conflicting testimony of [the defendant] and the prosecuting witness. The evidence of guilt is not overwhelming and [the defendant] steadfastly denies the rapes. Under these circumstances, [the defendant's] lack of sorrow does not indicate he is likely to engage in future sexual attacks." (*Id*. at pp. 900-901.) Other courts have similarly stated that "[l]ack of remorse can be used to aggravate a sentence ' "unless the defendant has denied guilt *and* the evidence of guilt is conflicting." ' " (*People v. Weber* (2013) 217 Cal.App.4th 1041, 1064, fn. 7.)

We agree with defendant that the evidence at trial was, to an extent, conflicting. Among other things, the victim's testimony at the first trial was largely that she didn't remember anything bad happening to her. In that first trial, the prosecution presented to the jury the victim's statements in a recording of a SAFE interview the victim had, to provide evidence that the defendant touched the victim inappropriately. (*Bailey, supra*, C087972.) The victim subsequently recanted at defendant's second trial, although a psychologist testified children may recant valid claims of abuse. At the second trial, the victim testified she lied to everyone when she told them defendant had touched her privates. Defendant's former girlfriend, the victim's mother, testified for the defense. She testified she and defendant occasionally had sex in the victim's room when the victim was not there, suggesting an explanation why defendant's semen could be found on objects in the victim's room. She and other defense witnesses testified defendant and the victim appeared to have a loving relationship, they appeared to enjoy spending time together, the victim never appeared to be afraid of defendant, and nothing they observed gave them cause for concern.

Based on defendant's consistent denial of guilt and the state of the trial evidence, we conclude the trial court abused its discretion in considering defendant's lack of remorse as an aggravating factor at resentencing. We shall discuss prejudice below.

6

B.  High Degree of Cruelty, Viciousness, or Callousness

A court may consider as an aggravating factor that the "crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness."  (Rule 4.421(a)(1).)  Defendant's crimes require that the prohibited acts be committed by "use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person."  (§ 288, subd. (b)(1).)  Defendant relies on the rule that courts generally cannot "use a fact constituting an element of the offense either to aggravate or to enhance a sentence." (*People v. Scott, supra*, 9 Cal.4th at p. 350; rule 4.420(h) [a "fact that is an element of the crime . . . may not be used to impose a particular term"].)

The evidence established, as to one instance, that defendant called to the victim and, when she did not come, he pulled her off the bed and dragged her on her buttocks to the living room.  He reached under her panties with his hand and started touching her "[p]ee-pee" "super hard . . . [a]nd it was hurting" her.  Although forensic examination results were "normal," according to the victim, when she used the bathroom, she saw blood.  The examining nurse testified the victim had reported bleeding, though not on the day she examined her.  A female relative, who was the first to learn of the abuse, testified the victim reported that it hurt "down there," and said something about a rash or blood on toilet paper after she went to the bathroom.  The victim also told her teacher that her "second dad" touched her privates and she had to go to the hospital because her privates were bleeding.  As for the other instance, in her interview, the victim said that when defendant made her touch his penis, liquid came out and went onto her "[c]ouch bed thingy," and she had to clean it up.

While a circumstance that is an element of the substantive offense cannot be used as a factor in aggravation (rule 4.420(h)), "[a] sentencing factor is only an element of the offense . . . if the crime as defined by statute cannot be accomplished without performance of the acts which constitute such factor."  (*People v. Burbine* (2003)

7

106 Cal.App.4th 1250, 1262.)  Violation of section 288, subdivision (b)(1) could be accomplished without defendant dragging the victim from one room to another on her buttocks, without touching the victim's genitals "super hard," and without such force as to cause bleeding.  It could also be accomplished without forcing the six-year-old child to clean up ejaculate.  We are persuaded that this aggravating circumstance was not an element and therefore was not improperly considered in aggravation.

C.  Particularly Vulnerable Victim

The court found the "victim was particularly vulnerable."  (Rule 4.421(a)(3).)  Defendant contends the victim's age was already contemplated by the crime, and therefore is not available as an aggravating factor.  He further asserts the mere fact that he and the victim lived in the same house did not render her vulnerable to an unusual or extreme degree.  Defendant also asserts the size disparity does not make this an unusual violation of section 288, subdivision (b)(1).

As an aggravating factor, victim vulnerability means "defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act."  (*People v. Smith* (1979) 94 Cal.App.3d 433, 436.)  "[A]ggravating a sentence due to 'particular vulnerability,' where vulnerability is based *solely* on age, is improper when age is an element of the offense.  [Citations.]  However, 'particular vulnerability' is determined in light of the 'total milieu in which the commission of the crime occurred . . . .' "  (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1693-1694, disapproved on another ground in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123.)  "[A] victim's extremely young age together with other circumstances like the time and location of the offense can establish 'particular vulnerability' as an aggravating factor." (*Dancer*, at p. 1694.)

Section 288, subdivision (b)(1) contemplates crimes committed against victims under the age of 14.  The victim here was six years old at the relevant time, much younger than the oldest victims of section 288, subdivision (b)(1) violations.  (See

8

*People v. O'Connor* (1992) 8 Cal.App.4th 941, 952, fn. 7 [particular vulnerability circumstance present when victim was 11, not merely under 14 as required by § 288, and impoverished].) Additionally, defendant preyed on the victim when her mother was not in the immediate area, such as when she was in the shower. Defendant would touch the victim when her mother was not around. According to a relative, the victim reported she had tried to tell her mother, but her mother would not listen, suggesting vulnerability in the sense that she was isolated and without help from those who should provide it.

This constitutes substantial evidence to support the trial court's finding that the victim was particularly vulnerable.

D. Planning, Sophistication, or Professionalism

With regard to the trial court's finding that the crime demonstrated planning, sophistication, or professionalism (rule 4.421(a)(8)), defendant asserts the court conceded the evidence indicated he acted in a clumsy and opportunistic manner, and further asserts the fact that he and the victim lived in the same house demonstrated that the crimes required no planning.

Again, defendant made a point of touching the victim when her mother was not around. In one instance, defendant waited until the victim's mother was in the shower before demanding the victim come to him, and when she did not, he dragged her to the living room and touched her genitals. When the victim attempted to call out to her mother, defendant covered her mouth to avoid detection. On another occasion, defendant approached the victim while she was alone in her room. While defendant would characterize his crimes as "opportunistic," substantial evidence supports the trial court's conclusion defendant's crimes involved planning.

E. Took Advantage of a Position of Trust

As for the aggravating circumstance that defendant took advantage of a position of trust (rule 4.421(a)(11)), defendant asserts it is common for a perpetrator to be related to, or in a relationship with someone related to, the victim; there is no evidence he took the

9

victim to ballet to gain her trust so as to take advantage of it later; and there was no evidence the molestation occurred in connection with a trust-building activity.

Defendant had a close relationship with the victim. She referred to him as "Daddy Kevin" and her "second dad." Defendant had been dating the victim's mother for approximately two years and living with her for approximately 22 months at the time the abuse occurred, assuming it occurred on or about January 19, 2015. The victim's mother trusted defendant with the victim, allowing him to babysit the victim while she worked. Defendant took advantage of this position of trust, preying on the victim when her mother was not around. We also note the interplay between this factor and a victim's particular vulnerability. (See, e.g., *People v. DeHoyos* (2013) 57 Cal.4th 79, 154 ["a crime victim can be deemed particularly vulnerable as an aggravating factor 'for reasons not based solely on age, including the victim's relationship with the defendant and his abuse of a position of trust' "].)

Defendant claims section 288, subdivision (b) "already contemplates a situation where the defendant took advantage of a position of trust." He relies on subdivision (b)(2) of section 288, which addresses the same type of conduct but specifically in the context where it is perpetrated by a caretaker against a dependent person, and which includes the same sentencing triad as subdivision (b)(1). This contention is without merit. Defendant was not convicted under subdivision (b)(2). Although the Legislature chose to specify the same triad in each of these two subdivisions, his conviction under subdivision (b)(1) did not already account for taking advantage of a position of trust.

IV

*Mitigating Circumstances*

Defendant asserts the trial court improperly prevented him from presenting evidence relevant to mitigating circumstances *at his first sentencing hearing*, specifically "evidence in the form of statements regarding [defendant's] factual innocence and the victim's father's motivation to coach the victim to fabricate the crime." While defendant

10

acknowledges this claimed error did not occur at resentencing, he nevertheless asserts "its effect carried over to [his] resentencing . . . , and [he] likely knew that any further attempt to assert his innocence would be not only punished but prohibited based on the court's prior rulings."

We cannot conclude the trial court committed reversible error at resentencing based on a ruling it made at the original sentencing. If defendant wished to present evidence relevant to mitigating circumstances at his resentencing, it was his obligation to proffer it. And, in fact, he *did* offer such evidence, just through different people.

The victim's mother spoke at resentencing about her belief that defendant did not commit the crimes. She pointed out evidentiary inconsistencies. She implied the victim's statements were compelled through the interviewer's questioning. She stated the victim "told the truth" at the second trial, when she recanted, and that she never saw evidence of a rash or tenderness on the victim. She also stated the victim's father could achieve citizenship by obtaining full custody of the victim. The victim also spoke at resentencing and said defendant did not touch her inappropriately.

Defendant had the opportunity to present evidence in mitigation at his resentencing, and he did so. Defendant has not established any error in connection with mitigating factors at resentencing.

V

*Prejudice*

Having concluded the trial court abused its discretion in considering defendant's lack of remorse as an aggravating circumstance, we turn to prejudice. Where a trial court relies on an improper factor in aggravation at sentencing, remand is required if it is reasonably probable that a result more favorable to the defendant would have been reached absent the error. (*People v. Avalos* (1984) 37 Cal.3d 216, 233, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.)

11

Here, the court properly considered and found all of the other aggravating circumstances as recounted above.  (Rule 4.421(a)(1), (3), (8), (11)).  It considered the fact that defendant was 37 years old at sentencing and the victim was six years old at the time of the offense.  The court also found the particulars of the crimes were "more serious than mere touching or fondling of a body part that is often the basis of these charges."

Defense counsel raised mitigating circumstances including defendant's lack of any criminal history, a psychologist's evaluation concluding defendant did not exhibit signs of sexual deviancy or abnormality, and defendant's score on the Static 99R risk assessment instrument, indicating he was a low risk to reoffend.   Defense counsel argued there were "no circumstances in aggravation that would justify a sentence greater than the low term."

" 'The court is presumed to have considered all relevant factors unless the record affirmatively shows the contrary.' " (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1102.)  The court expressly stated:  "Defendant has no prior criminal history.  He enjoys his family support.  I have heard today that he's engaged in education at CDCR."  The court acknowledged it had the discretion to impose the low term.  However, after considering all relevant factors, the court imposed the middle term.  The court further stated that if it had discretion to grant probation, it would not, and if it had discretion to run the sentences concurrently, it would not.

Based on the court's remarks at resentencing, we conclude it is not reasonably probable defendant would have achieved a more favorable result absent the error in the trial court's consideration of defendant's lack of remorse and insistence on his innocence.

**DISPOSITION**

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
RENNER, J.

/s/
ASHWORTH, J.*

---

\*      Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.