Filed 2/5/25  P. v. Barrios CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B328866 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA153303) |
| v. | |
| MICHAEL BARRIOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Debra Cole-Hall, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Jason Tran and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

A jury convicted defendant Michael Barrios of committing a lewd act on a child and misdemeanor child abuse, and it found true two aggravating sentencing factors—that the victim was particularly vulnerable and that Barrios violated a position of confidence or trust when he committed the lewd act. The court sentenced Barrios to the upper term of three years in prison for the lewd act conviction, plus a one-year term for the child abuse conviction. On appeal, Barrios argues: (1) the court misunderstood the scope of its sentencing discretion when it imposed the upper term for his lewd act conviction; and (2) insufficient evidence supports the jury's finding that the victim was particularly vulnerable. We reject each of Barrios's contentions and affirm.

# FACTUAL BACKGROUND

Barrios and Ryan C. (Ryan) have two daughters, S.B. and R.B. S.B. was 14 years old during the incidents leading to both of Barrios's convictions in this case. Although Barrios was charged with two other offenses, he was not convicted of them. We therefore summarize only the facts underlying the two counts for which Barrios was convicted.

## 1.    Child abuse (count 4)

In October 2019, after the family returned from a party, S.B. and R.B. began arguing. Barrios got in between the girls, pushed S.B., and told her that because she was the older sibling, she should know better than to argue with R.B. Barrios shoved S.B. until she fell onto a bed. Barrios then got on top of S.B., put his forearm on her throat, held her down for about 10 to 15 seconds, and told her to stop resisting. S.B. could not breathe while Barrios was pinning her down. When Barrios stood up,

S.B. kicked him in the stomach.  Barrios punched S.B. in the nose with a closed fist, knocking her back onto the bed and causing her nose to bleed.

**2.  Lewd act (count 1)**

In January 2020, Barrios was home alone with S.B. and R.B.  R.B. was in another room wearing headphones, while Barrios and S.B. were in the living room sitting next to each other on the couch.  Barrios grabbed S.B.'s legs, put them over his thighs, and began giving her a foot massage.  Barrios moved his hands up S.B.'s legs until they were near her pelvis.

At one point, Barrios grabbed S.B.'s hand and put it inside her pants.  When S.B. removed her hand, Barrios put his hand inside her underwear.  Barrios rubbed S.B.'s vagina with one of his hands while he used his other hand to grab her breast.  When Barrios took his hand out of S.B.'s underwear, he grabbed her foot and rubbed it against his erect penis, through the outside of his pants.  Several seconds later, Barrios stood up, groaned and said "fuck," and then went to the bathroom.  Barrios's interaction with S.B. lasted about 10 minutes.

While Barrios was in the bathroom, S.B. tried alerting law enforcement using the home's security system, but it was not working.  S.B. then grabbed a knife and told R.B. that they needed to leave the house.  When R.B. refused to leave, S.B. pulled her out of the house, walked her to the front yard, and hid with her behind Barrios's truck.

Barrios eventually went outside and told the girls to go back inside the house.  S.B. refused, so Barrios approached her.  When S.B. pulled out the knife, Barrios told her that he did not have time for this and that he needed to get a haircut.  He then drove off in his truck.

3

S.B. went to her neighbor's house to ask for help. The neighbor waited with S.B. and R.B. until Ryan came home. When Ryan returned home, she called the police. While Ryan was speaking to the police, Barrios sent her text messages. Barrios told her that he "need[ed] help" and was "so confused" with himself. When Ryan told Barrios to come home, he told her that, where he comes from, he "should be dead." Barrios said that he was at his brother's house and that he told his brother that he "fucked up" and felt like "total shit."

### 3. Barrios's testimony

Barrios testified at trial. He acknowledged that he was "quite bigger and stronger" than S.B. during the underlying incidents. He claimed that S.B. was lying about what occurred during both incidents.

About a week before the January 2020 incident, Barrios and Ryan took S.B.'s cell phone away because they believed she had used drugs with her friend. Barrios and Ryan also prohibited S.B. from accessing social media, and they did not let her leave the house unless she was going to school. The day before the January 2020 incident, Barrios caught S.B. accessing social media.

During the January 2020 incident, Barrios and S.B. were sitting on the couch together. S.B. asked Barrios to rub her feet. After Barrios rubbed S.B.'s feet for about 10 or 15 minutes, he went to the restroom to brush his teeth. When he left the restroom, S.B. and R.B. were no longer inside the house. Barrios went outside and found S.B. and R.B. standing by his truck. S.B. was holding a knife. When Barrios confronted them, S.B. accused him of touching her. Barrios told the girls to go inside the house because he needed to call Ryan.

4

Barrios then went to a barbershop before driving to his brother's house, where he texted Ryan that he "need[ed] help"; that he was "confused with" himself; that "where [he] come[s] from, [he] should be dead"; that he would not be allowed to get help "in [his] world"; and that he told his brother that he had "fucked up." Barrios testified that he sent the first two text messages because he needed help understanding why S.B. accused him of touching her. As for the third and fourth messages, Barrios explained that, where he grew up, when people are accused of touching children, "they are gonna die." Finally, Barrios explained that when he said he "fucked up," he meant that he should have stayed at his house and waited for Ryan to return home after S.B. accused him of touching her.

## PROCEDURAL BACKGROUND

In an amended information, the People charged Barrios with three counts of committing lewd acts on a 14-year-old child who was at least 10 years younger than him (Pen. Code,[1] § 288, subd. (c)(1); counts 1–3), and one count of child abuse likely to cause great bodily injury or death (§ 273a, subd. (a); count 4). As to all counts, the People alleged that Barrios suffered a prior serious or violent felony conviction for robbery (§§ 667, subds. (b)–(j), 1170.12), he took advantage of a position of trust or confidence when he committed the charged offenses (Cal. Rules of Court, rule 4.421(a)(11)), and the victim in each count was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)).

A jury convicted Barrios of one count of committing a lewd act on a child (count 1); and misdemeanor child endangerment

---

[1] All further undesignated statutory references are to the Penal Code.

5

(count 4), the lesser included offense of child abuse likely to cause great bodily injury.  As to count 1, the jury found true the allegations that Barrios took advantage of a position of trust or confidence and that the victim was particularly vulnerable. The trial court declared a mistrial as to counts 2 and 3.

At sentencing, Barrios waived his right to a jury trial on the prior strike conviction allegation, which he admitted.  After striking that allegation, the trial court sentenced Barrios to the upper term of three years in prison on count 1, plus a consecutive one-year term on count 4.

Barrios appeals.

## DISCUSSION

### 1. The trial court did not abuse its discretion when it imposed an upper term sentence

Barrios contends the trial court erred when it calculated his sentence because it was unaware that it had discretion not to impose an upper term sentence for his lewd act conviction under section 1170, subdivision (b).  Specifically, Barrios claims the court imposed an upper term sentence as a matter of course once the jury found true the two aggravating sentencing factors under rule 4.421 of the California Rules of Court (Rule 4.421), without exercising its discretion to determine whether an upper term sentence was appropriate.  This argument lacks merit.

#### 1.1. Relevant background

Before sentencing, the People asked the trial court to impose the upper term of three years for Barrios's lewd act conviction, citing the jury's true findings on the particularly vulnerable victim and abuse of a position of trust or confidence aggravating sentencing factors under Rule 4.421(a) and Barrios's criminal history.  Defense counsel asked the court to strike

6

Barrios's prior strike conviction and to place Barrios on probation in lieu of sentencing him to prison.

At sentencing, Barrios admitted that he suffered a prior strike conviction for robbery. The trial court struck the prior strike conviction, noting that, until this case, Barrios had not been arrested since around 2005. The court then explained how it calculated Barrios's sentence: "In dealing with sentencing, I always try to do the right thing. And I looked at [Barrios's] history. I remember the testimony from not only [S.B.] but also your younger daughter; she still expressed her love for you. And I'm not happy to pass this sentence on you, however, I do think that you are responsible for your actions. [¶] Your lawyer asked the court to place you on probation. That is denied. [¶] Probation is denied. You are sentenced to the high term for count 1. That is three years in state prison. That is based on the two aggravating factors that the jury found true. [¶] So that is three years. [¶] There was a misdemeanor that you were convicted of, the assault on [S.B.] And at this time I am going to impose 364 days. That is going to run consecutive. So it's three years, 364 days that you are sentenced to."

### 1.2. Applicable law and standard of review

Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) amended section 1170, the determinate sentencing law. (Stats. 2021, ch. 731, § 1.3.) Now, section 1170 provides in relevant part that where a statute specifies three possible terms of imprisonment, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).) The middle term, therefore, is now the presumptive determinate

sentence under section 1170.  (See *People v. Lynch* (2024) 16 Cal.5th 730, 748 (*Lynch*).)

A court has discretion, however, to impose an upper term sentence if certain aggravating circumstances, aside from prior convictions, are found true beyond a reasonable doubt by the trier of fact or stipulated to by the defendant.  (§ 1170, subd. (b)(2); *Lynch*, *supra*, 16 Cal.5th at p. 742.)  Specifically, section 1170, subdivision (b)(2) states that the "court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)  A court may nevertheless consider a "defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170, subd. (b)(3).)

Rule 4.421 provides a nonexhaustive list of aggravating sentencing factors that may be used to increase a defendant's sentence to an upper term under section 1170, subdivision (b).  Relevant here, Rule 4.421 includes the following aggravating factors:  (1) that the victim was particularly vulnerable; and (2) that the defendant took advantage of a position of trust or confidence to commit the offense.  (Rule 4.421(a)(3), (11).)  The court must explain on the record "the facts and reasons for choosing the sentence imposed."  (§ 1170, subd. (b)(5).)

We review a trial court's sentencing decisions for abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 (*Sandoval*), superseded by statute on another ground as stated in

*People v. Lewis* (2023) 88 Cal.App.5th 1125, 1132.) The court must exercise its discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*Sandoval*, at p. 847.) A court abuses its discretion when it applies the wrong legal standard, is unaware of the scope of its discretion, or bases its decision on findings that are not supported by substantial evidence. (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

The party challenging the court's sentencing decision bears the burden to show it was an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377 (*Carmony*).) " ' "In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Ibid.*)

### 1.3. Analysis

The trial court did not abuse its discretion when it sentenced Barrios to the upper term of three years for his lewd act conviction. As a threshold matter, the court complied with section 1170, subdivision (b)(5)'s requirement that it state the "facts and reasons" for the sentence it imposed. The court explained that it considered Barrios's "history," S.B. and R.B.'s testimony, and the jury's true findings on the particularly vulnerable victim and abuse of a position of trust or confidence aggravating sentencing factors under Rule 4.421(a) in selecting Barrios's sentence, including the upper term for his lewd act conviction.

Nothing in the record suggests the trial court was unaware of its discretion to impose any of the three statutorily specified

9

terms—one, two, or three years in prison—for Barrios's lewd act conviction. (See § 288, subd. (c)(1).) Contrary to what Barrios suggests in his opening brief, the court did not state or otherwise suggest that it had no choice but to impose the upper term of three years once the jury found true the two aggravating sentencing factors under Rule 4.421(a). Rather, the court simply cited those findings as reasons supporting its decision to impose the upper term, as it was required to do under section 1170, subdivision (b). (See § 1170, subd. (b)(2), (5).)

Barrios argues the trial court's decision to strike his prior strike conviction, and its statement that it was "not happy to pass this sentence" to him, show the court was unaware it had discretion not to impose the upper term for his lewd act conviction. We disagree. The court's decision to strike Barrios's prior conviction does not mean the court was unaware of its sentencing discretion under section 1170, subdivision (b)(2). Rather, the court could have determined that the most appropriate sentence, considering the circumstances of this case, would consist of the upper term for the lewd act conviction, without any additional increase in punishment for Barrios's prior strike conviction. (See § 1170.12, subd. (c)(1) [where a defendant has one prior strike that has been pled and proved, the court must double the term otherwise provided as punishment for the current felony conviction].)

Likewise, the trial court's statement that it was not happy to sentence Barrios does not establish that it was unaware of its sentencing discretion under section 1170, subdivision (b). Indeed, immediately after stating it was not happy to pass on Barrios's sentence, the court stated that it nevertheless believed Barrios was "responsible for [his] actions." In the same part of its ruling,

10

the court also noted that it recalled R.B.'s testimony that she continued to love her father despite what he did to her sister. If anything, the court's comments reflect its frustration and disappointment with Barrios's conduct. That certainly does not mean that the court was unaware of the scope of its discretion under section 1170, subdivision (b)(2).

Barrios points to nothing in the record that demonstrates the trial court was unaware of the scope of its sentencing discretion under section 1170, subdivision (b). He therefore has not shown the court abused its discretion in imposing the upper term for his lewd act conviction. (*Carmony*, *supra*, 33 Cal.4th at pp. 376–377.)

## 2. Substantial evidence supports the jury's vulnerable victim finding

Barrios concedes substantial evidence supports the jury's finding that he abused a position of confidence or trust when he committed the lewd act against S.B., but he argues the People failed to prove that S.B. was a particularly vulnerable victim. As we explain, substantial evidence supports the jury's finding that S.B. was a particularly vulnerable victim.

For purposes of the particularly vulnerable victim aggravating sentencing factor under Rule 4.421(a)(3), "particularly" means " ' "in a special or unusual degree, to an extent greater than in other cases." ' " (*People v. DeHoyos* (2013) 57 Cal.4th 79, 154.) "Vulnerable" means " ' "defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act." ' " (*Ibid*.)

A victim may be deemed particularly vulnerable for reasons other than age, including the circumstances of the crime. (*People v. Carpenter* (1997) 15 Cal.4th 312, 413 (*Carpenter*), abrogated on

11

other grounds by *People v. Diaz* (2015) 60 Cal.4th 1176.) For instance, a victim may be particularly vulnerable because he or she is significantly smaller than the defendant (*People v. King* (2010) 183 Cal.App.4th 1281, 1323 (*King*)), alone in an isolated area with the defendant (*Carpenter*, at p. 413), attacked in his or her own home (*People v. Hall* (1988) 199 Cal.App.3d 914, 922 (*Hall*)), or taken by surprise by the defendant (*People v. Smith* (1979) 94 Cal.App.3d 433, 435 (*Smith*)). Whether a victim is particularly vulnerable "is determined in the light of the 'total milieu in which the commission of the crime occurred.' " (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1694, disapproved of on other grounds by *People v. Hammon* (1997) 15 Cal.4th 1117, 1123.)

We review a jury's findings on aggravating sentencing factors for substantial evidence. We review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence from which a reasonable fact finder could find the aggravating factor true beyond a reasonable doubt. (See *People v. Wilson* (2008) 44 Cal.4th 758, 806.) We presume every fact in support of the judgment that the jury reasonably could have found from the evidence. (*Ibid.*) We do not reweigh the evidence or reevaluate the credibility of witnesses. (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) " ' " ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment." ' " ' " (*People v. Cravens* (2012) 53 Cal.4th 500, 508.)

Substantial evidence supports the jury's finding that S.B. was a particularly vulnerable victim when Barrios committed the

lewd act against her.  Although S.B. was not an especially young victim under section 288, subdivision (c), that does not mean she could not have been particularly vulnerable.  (See *Smith*, *supra*, 94 Cal.App.3d at pp. 435–436 [affirming particularly vulnerable victim finding even where victims were adults]; *Hall*, *supra*, 199 Cal.App.3d at p. 922 [same].)  Other facts support the jury's finding.  For instance, Barrios testified he was "quite bigger and stronger" than S.B.  (*King*, *supra*, 183 Cal.App.4th at p. 1323.)  In addition, S.B. was alone with Barrios at the time of the offense, as Ryan was away from the house and R.B. was in another room wearing headphones.  (*Carpenter*, *supra*, 15 Cal.4th at p. 413; *Hall*, at p. 922.)  The jury also could infer that Barrios lulled S.B. into a false sense of security by massaging her feet immediately before he molested her.  (See *Smith*, at pp. 435–436 [fact that defendants took the victims by surprise supported finding that the victims were particularly vulnerable].)  In light of these circumstances, a jury reasonably could have found that S.B. was a particularly vulnerable victim.

## 3.    **Barrios's remaining arguments lack merit**

Barrios raises several points in passing in his opening brief, none of which he supports with any meaningful legal or factual analysis.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*) [an appellant forfeits any argument that is not supported by meaningful legal analysis or citations to the record that support that claim of error].)  We briefly address each of these points to explain why they either were not adequately developed or lack merit.

First, Barrios suggests that the jury relied on the same fact to find true both the particularly vulnerable victim factor under Rule 4.421(a)(3) and the abuse of a position of trust or confidence

factor under Rule 4.421(a)(11).  (See *People v. Clark* (1992) 12 Cal.App.4th 663, 666 [a fact may only be credited to one aggravating sentencing factor].)  Barrios does not, however, explain what common facts the jury relied on in finding both sentencing factors true in this case.  He has, therefore, forfeited any claim of error based on the jury's alleged use of common facts to find true both the particularly vulnerable victim factor and the abuse of a position of confidence or trust factor.  (*S.C.*, *supra*, 138 Cal.App.4th at p. 408.)  In any event, as our discussion in the section above shows, there was sufficient evidence to establish that S.B. was a particularly vulnerable victim, independent of any facts that might also support the abuse of a position of confidence or trust factor.

Second, Barrios claims the prosecutor improperly argued the particularly vulnerable victim factor by using "a combination of double-dipping and improper considerations to urge the jury to find the aggravating factors true."  Barrios never objected to the prosecutor's argument, however.  Nor has he developed any meaningful legal analysis explaining how the prosecutor improperly argued the particularly vulnerable victim factor.  Barrios has, therefore, forfeited any challenge to the prosecutor's argument.  (See *People v. Seumanu* (2015) 61 Cal.4th 1293, 1328 ["making a timely and specific objection at trial, and requesting the jury be admonished . . . , is a necessary prerequisite to preserve a claim of prosecutorial misconduct for appeal"]; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656 [the appellant must affirmatively show how the lower court erred by providing reasoned argument with citations to relevant legal authority on each point made].)

14

Finally, Barrios claims that the trial court's instruction on the particularly vulnerable victim factor was "inadequate" because it did not define the term "particularly vulnerable." When a phrase is not used in a technical sense peculiar to the law and is commonly understood by those familiar with the English language, the court has no duty to instruct on the phrase absent a request. (*People v. Jennings* (2010) 50 Cal.4th 616, 670 (*Jennings*).) A court must clarify the definition of a phrase only when it has a technical legal meaning that is different from its nonlegal meaning. (*Ibid.*)

Barrios never asked the trial court to instruct the jury on the definition of the phrase "particularly vulnerable." He also does not explain on appeal how that phrase, as used in Rule 4.421(a)(3), has a technical meaning that is different from its nonlegal meaning. (*Jennings*, *supra*, 50 Cal.4th at p. 670.) Accordingly, Barrios has failed to show the court erred by not instructing the jury on the definition of "particularly vulnerable" as that phrased is used in Rule 4.421(a)(3).

## DISPOSITION

The judgment is affirmed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.

15